951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. ECHOLS, Defendant-Appellant.
 No. 91-1084.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 7, 1991 and Dec. 19, 1991.*
Decided Jan. 6, 1992.
 
 Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge and ESCHBACH, Senior Circuit Judge.
 
 Order
 
 1
 Robert L. Echols pleaded guilty to possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1). As part of a plea bargain, the prosecutor dismissed a second charge and agreed to recommend the minimum penalty allowed by law. Before Echols entered his plea, the prosecutor filed a notice contending that Echols should be sentenced as an armed career criminal under 18 U.S.C. § 924(e). The minimum allowed by § 924(e) is 15 years' imprisonment, which the prosecutor recommended and the district judge imposed.
 
 
 2
 Echols contends that he is not eligible for the enhancement under § 924(e), which applies only to persons previously convicted of three or more violent felonies or drug offenses. The prosecutor's notice identified three convictions for burglary, one in Arkansas and two in Illinois. Taylor v. United States, 110 S.Ct. 2143 (1990), holds that generic burglary is a violent felony for purposes of § 924(e). Generic burglary is "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 110 S.Ct. at 2158.
 
 
 3
 Both states define as "burglary" acts in addition to those constituting generic burglary. Illinois includes entry of "a building, housetrailer, watercraft, aircraft, motor vehicle ..., railroad car, or any part thereof, with intent to commit therein a felony or theft." Ill.Rev.Stat. ch. 38 p 19-1. In 1971, when Echols committed the offense in Arkansas, that state included entry of boats, autos, railroad cars, and airplanes within the definition of burglary. Ark.Stat. § 41-1001 (Repl.1964). Echols, who entered his plea three months after Taylor and was not sentenced until seven months after Taylor, therefore had at least an argument that his convictions do not satisfy the statutory requirements. It is no more than an argument, however, because the Court added that it would
 
 
 4
 permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.
 
 
 5
 110 S.Ct. at 2160. Echols pleaded guilty to the burglary charges against him. To convert the argument into victory, then, Echols would have had to persuade the district court that this language from Taylor is limited to cases that went to juries (and so had both an "indictment or information and jury instructions") or that, if it is proper to inspect the indictment or information standing alone after a plea of guilty, the charging papers went beyond the bounds of generic burglary. (Whether Echols would have borne the burden of persuasion on these issues we do not decide; we are confident that he bore at least the burden of raising the subject.)
 
 
 6
 So the stage was set for a contest. None occurred. Echols placidly entered his plea. The effects of Taylor went unremarked until appeal. Unless the use of § 924(e) is "plain error", the failure to raise the subject is fatal--it has been waived. Fed.R.Crim.P. 52(b). Echols argues on appeal that there is indeed plain error. But without seeing the charging papers behind the burglary convictions--which counsel has not furnished--we cannot know that there has been error of any kind. For all the record reveals, both states charged Echols with generic burglary. (The presentence report supports this impression, although under Taylor it is not conclusive on the subject.)
 
 
 7
 That leaves the possibility that the indictment or information may be consulted only when there has been a jury trial. But why would this be? Echols offers no reason. Taylor says that the identity of a crime of violence does not depend on the facts of the case. Thus a court will not peruse the transcript of trial or its parallel in the event of a plea, the colloquy between defendant and court before acceptance of the plea. But if, as Taylor says, the contents of the indictment and jury instructions are legitimate sources of information in tried cases, why not the charging papers alone in guilty plea cases? An indictment or information alone may be vague, and in that event the crime will not qualify as generic burglary. But if the state lays charges that qualify as generic burglary, and the defendant pleads guilty, there is no reason not to treat the conviction as a violent felony under § 924(e). Rule 52(b) offers no relief, and as Echols has withdrawn his contention that his lawyer in the district court rendered ineffective assistance, there is no basis on which to disturb the sentence.
 
 AFFIRMED
 
 
 *
 After the argument before the panel on August 7, the court set the case for hearing en banc to decide whether claims of ineffective assistance of counsel at trial may be entertained on direct appeal. At oral argument before the en banc court, counsel for appellant abandoned the contention that counsel in the district court was ineffective. The full court accordingly returned the case to the original panel for decision